UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| O'BAGEL, INC., HEH HOLDINGS, LLC, SEH HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BAGEL & CREAM, LLC, KHALED MAISER, JOHN DOES 1 THROUGH 10, and ABC CORPORATIONS 1 THROUGH 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiffs, O'Bagel, Inc., HEH Holdings, LLC, and SEH Holdings, LLC (collectively "Plaintiffs" or "O'Bagel"), by and through their attorneys, Reppert Kelly & Vytell, LLC, by way of Complaint and Jury Demand against Defendants, Bagel & Cream, LLC, Kahled Maiser, John Does 1 through 10, and ABC Corporations 1 through 10 (collectively referred to herein as "Defendants"), do hereby allege as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendants' unlawful and unauthorized copying and exploitation of O'Bagel's registered trademarks, copyrights, and associated goodwill and their intentional refusal to cease their illegal conduct despite notice and opportunity. Defendants' conduct as set forth herein is in direct violation of the Lanham Act, 15 U.S.C. §1051, et seq., the United States Copyright Act, 17 U.S.C. § 101 et seq., (the "Copyright Act"), and New Jersey law. By this action, Plaintiffs seek to curb these abuses and protect their intellectual property and their customers who have been misled by Defendants' intentional misconduct.

**THE PARTIES**

2. Plaintiff, O'Bagel, Inc. ("O'Bagel" or the "Company"), is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business located at 1168 Valley Road, Stirling, NJ 07980.

3. Plaintiff, HEH Holdings, LLC ("HEH"), is a limited liability company organized and existing under the laws of the State of Wyoming with its principal place of business located at 1620 Central Avenue, Suite 202, Cheyenne, WY 82001. HEH is an affiliate of O'Bagel and the registered owner of certain registered trademarks and copyrights used by O'Bagel in its operations pursuant to an assignment.

4. Plaintiff, SEH Holdings, LLC ("SEH"), is a limited liability company organized and existing under the laws of the State of Wyoming with its principal place of business located at 1620 Central Avenue, Suite 202, Cheyenne, WY 82001. SEH is also an affiliate of O'Bagel and the registered owner of certain registered trademarks and copyrights used by O'Bagel in its operations pursuant to an assignment.

5. Upon information and belief, Defendant, Bagel & Cream, LLC ("BCL"), is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 57 Mountain Blvd., Warren, New Jersey 07921.

6. Upon information and belief, Defendant Kahled Maiser is the owner and managing member of BCL and resides at 15 Heathwood Ln., Bedminster, New Jersey 07921.

7. Defendants, John Does 1 through 10, represent presently unknown individuals that were officers, directors, employees, agents and/or representatives of the Defendants and/or their affiliated entities that approved, authorized, oversaw, and/or otherwise participated and contributed as a moving, active and conscious force behind the unlawful conduct set forth herein.

8. Defendants, ABC Corporations 1 through 10, represent presently unknown subsidiaries, parents, and/or otherwise affiliated entities to Defendants that also engaged in, participated in, or contributed to the unlawful conduct set forth herein.

## JURISDICTION AND VENUE

9. This is a civil action for trademark infringement under the Lanham Act, 15 U.S.C. §1051, et seq., and copyright infringement under the Copyright Act, 17 U.S.C. §101 et seq., and, as such, this Court maintains original jurisdiction pursuant to 28 U.S.C. §1338 and pursuant to 28 U.S.C. §1331, in that this action involves a federal question under the laws of the United States. This Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. §1367.

10. This Court has personal jurisdiction over Defendants because they each reside and conduct business within this District, engaged in unlawful conduct within this District, and/or are otherwise found within this District. Venue is proper pursuant to 28 U.S.C. §1391(b).

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Since the mid-1990's, O'Bagel has operated a chain of bagel stores and delis in New Jersey. During that time, O'Bagel's footprint throughout the State and its customer base have grown extensively.

12. Currently, O'Bagel has five locations in New Jersey including, three (3) locations in and around Somerset County including on Martinsville Road in Basking Ridge, King George Road in Basking Ridge, and on Valley Road in Stirling, New Jersey. O'Bagel also has a significant online following and ships products nationwide including to California, Georgia, Arizona, Texas, Colorado, and others.

13. Since its inception, O'Bagel has expended significant time, money, and resources developing and promoting its brand through the use of intellectual property. Pursuant to assignment, O'Bagel has the exclusive right to use and exploit the following trademark registered to its affiliate SEH:

## O'Bagel

(Reg. No. 6613917)(attached hereto as **Exhibit 1**)(IC 025 Clothing, name t-shirts, sweatshirts, hats and aprons; IC 29 spreads, namely, cream cheese, tofu, fruit spreads, namely, jams and jellies; and IC 030 Bakery goods, bialys, Coffee, coffee beans; flours and preparations made from grains for making bagels, bagels, bagel chips; bagel sticks; spreads, namely, cream cheese, tofu, fruit spreads, namely, jams and jellies, honey, yeast, sauces; spices; sandwiches, pizzas and tea based beverages.)(the "SEH Trademark").

14. Pursuant to assignment, O'Bagel also has the exclusive right to use and exploit the following trademark registered to its affiliate HEH:

## O'Bagel Bagelry & Deli

(Reg. No. 6636779)(attached hereto as **Exhibit 2**); and



(Reg. No. 6613963)(attached hereto as **Exhibit 3**)



(Reg. No. 6613979)(attached hereto as **Exhibit 4**)(IC 43 Cafe, delicatessen, restaurant and catering services featuring bagels, cream cheese, spreads, salads, appetizing salads, sandwiches, soups and beverages for consumption on and off the premises)(hereinafter collectively referred to as the "HEH Trademarks").

      15.    O'Bagel also has the exclusive right to use and exploit the following copyrights registered to its affiliate HEH:



(Reg. No. VA-2-246-505)(attached hereto as **Exhibit 5**) and



(Reg. No. VA-2-246-508) (attached hereto as **Exhibit 6**).  (hereinafter collectively referred to as the "HEH Copyrights").  The SEH Trademark, HEH Trademarks, and HEH Copyrights are collectively referred to herein as the "O'Bagel Intellectual Property".

16.     The Company has spent significant time and expense developing and promoting the O'Bagel Intellectual Property for nearly 30 years and, as a result, the O'Bagel Intellectual Property has developed significant secondary meaning and has become a clear designation of origin to the consuming public, especially in the tri-state area and, particularly, within Somerset County, New Jersey.

17.     O'Bagel has used the O'Bagel Intellectual Property continuously in United States commerce including, without limitation, through its retail stores, in online sales, and has been featured on national media and advertising including the Food Network[1], Good Morning America[2], and other national outlets.

18.     Upon information and belief, in or about 2013, Defendants opened a competing bagel shop at 55 South Maple Ave, Basking Ridge, New Jersey called "Ridge Bagel Café" ("Ridge Bagel").  At all relevant times, including the filing of this action, Ridge Bagel employed the following artwork in the promotion and advertisement of its business:

[3]

There are no known registered trademarks or copyrights for the foregoing artwork.  The Ridge Bagel artwork and advertising substantially differs from the O'Bagel Intellectual Property and, as such, O'Bagel and Ridge Bagel operated in close proximity for nearly a decade without issue or customer confusion.

---

[1] https://www.tvfoodmaps.com/restaurant/NJ/Hoboken/OBagel
[2] https://abcnews.go.com/GMA/video/obagel-presents-30-pound-breakfast-sandwich-49062387
[3] https://www.ridgebagelcafe.com/

19. In or about early 2024, Defendants opened a second store located at 57 Mountain Boulevard in Warren, New Jersey. The new location was within approximately 5 miles of O'Bagel's three (3) locations in Basking Ridge and Stirling. Rather than use their existing, non-infringing signage, Defendants purposefully infringed upon the O'Bagel Intellectual Property and Plaintiffs' goodwill by adopting the following substantially similar and confusing mark:



(See https://www.bagelandcream.com).

20. The foregoing substantially similar and confusing mark is used on Defendants' website, street signage, and elsewhere in their advertising.



21. Defendants' use of the stylized bagel which bears striking similarity to the HEH Copyrights and its placement directly in front of the word "Bagel" creates a clear likelihood of confusion with the O'Bagel Intellectual Property and was, by design, intended to benefit from O'Bagel's years of operation and extensive customer good-will.

22. After Defendants opened their new store, O'Bagel received numerous inquiries from customers assuming that the store was the latest in O'Bagel's expansion. The Company received similar inquiries from suppliers and others.

23. Upon information and belief, Defendants adoption of the infringing signage was done intentionally to mislead customers and falsely imply an association, partnership, affiliation, or endorsement from O'Bagel. Numerous customers have been, and will continue to be, misled by Defendants' false and deceptive practices.

24. Defendant Maiser is, upon information and belief, the sole owner, officer, and in control of the entity defendant and, as such, had active control over and involvement in BCL's infringement.

25. In late-January 2024, the Company contacted Defendants, through counsel, requesting that Defendants cease and desist their infringing conduct and proposing a resolution. Defendants responded in mid-February and, thereafter, Plaintiffs, through counsel, attempted to reach an amicable resolution whereby Defendants could move the stylized "O" to the end of their advertising and signage, to prevent confusion with the Company's protected O'Bagel Intellectual Property. Defendants refused and/or failed to respond.

26. The above-referenced conduct by Defendants has resulted in irreparable injury to Plaintiffs including, without limitation, lost sales, profits, and goodwill, and has severely damaged Plaintiffs' relationships with its present and prospective customers. Plaintiffs will continue to sustain injury unless, and until, the infringing advertising has been removed and Defendants have been enjoined from further infringing conduct.

## COUNT ONE
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114
### (AS AGAINST ALL DEFENDANTS)

27. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

28. The O'Bagel Intellectual Property includes valid and legally protectable

trademarks that have been used by O'Bagel as a designation of origin since in or about 1995 and have been registered on the Principal Register of the USPTO since 2022, prior to Defendants employment of the infringing advertising.

29. The O'Bagel Intellectual Property is inherently distinctive and, in any event, through Plaintiffs' use and promotion has established significant secondary meaning within the market as a designation of origin.

30. Defendants are in competition with Plaintiffs, namely as a retail bagel and deli restaurant and associated sales. Defendants intentionally chose a name and associated artwork and advertising that infringes on the O'Bagel Intellectual Property and falsely suggests that their newest location is associated, affiliated, or endorsed by O'Bagel.

31. Defendant Maiser is, upon information and belief, the sole owner, officer, and in control of the entity defendant and, as such, had active control over and involvement in BCL's infringement.

32. Defendants' actions are willful and intentional and constitute a false designation of origin and/or misleading description of fact regarding Defendants' goods and services.

33. As a direct and proximate result of such misconduct, Plaintiffs have and will continue to suffer irreparable injury and damages, including, without limitation, lost business, reputation, and good-will.

**COUNT TWO**
**UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)**
**(AS AGAINST ALL DEFENDANTS)**

34. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

35. The O'Bagel Intellectual Property includes valid and legally protectable

trademarks that have been used by O'Bagel as a designation of origin since in or about 1995 and have been registered on the Principal Register of the USPTO since 2022, prior to Defendants employment of the infringing advertising.

36. The O'Bagel Intellectual Property is inherently distinctive and, in any event, through Plaintiff's use and promotion has established significant secondary meaning within the market as a designation of origin.

37. Defendants are in a competition with Plaintiffs, namely a retail bagel and deli restaurant and associated sales. Defendants intentionally chose a name and associated artwork and advertising that infringes on the O'Bagel Intellectual Property and falsely suggests that their newest location is associated, affiliated, or endorsed by O'Bagel.

38. Defendant Maiser is, upon information and belief, the sole owner, officer, and in control of the entity defendant and, as such, had active control over and involvement in BCL's infringement.

39. Defendants' actions are willful and intentional and constitute a false designation of origin and/or misleading description of fact regarding Defendants' goods and services.

40. As a direct and proximate result of such misconduct, Plaintiffs have and will continue to suffer irreparable injury and damages, including, without limitation, lost business, reputation, and good-will.

## COUNT THREE
## TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)
### (AS AGAINST ALL DEFENDANTS)

41. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

42. The O'Bagel Intellectual Property includes valid and legally protectable

trademarks that have been used by O'Bagel as a designation of origin since in or about 1995 and have been registered on the Principal Register of the USPTO since 2022, prior to Defendants employment of the infringing advertising.

43. The O'Bagel Intellectual Property is inherently distinctive and, in any event, through Plaintiff's use and promotion has established significant secondary meaning within the market as a designation of origin.

44. In addition to the O'Bagel Intellectual Property, O'Bagel has developed certain distinctive trade dress in which the use of an "O" by way of a stylized bagel character proceeding the word "Bagel" has come to designate the Company.

45. Defendants are in a competition with Plaintiffs, namely a retail bagel and deli restaurant and associated sales. Defendants intentionally chose a name and associated artwork and advertising that infringes on the O'Bagel trade dress and falsely suggests that their newest location is associated, affiliated, or endorsed by O'Bagel.

46. Defendant Maiser is, upon information and belief, the sole owner, officer, and in control of the entity defendant and, as such, had active control over and involvement in BCL's infringement.

47. Defendants' actions are willful and intentional and constitute a false designation of origin and/or misleading description of fact regarding Defendants' goods and services.

48. As a direct and proximate result of such misconduct, Plaintiffs have and will continue to suffer irreparable injury and damages, including, without limitation, lost business, reputation, and good-will.

**COUNT FOUR**
**COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT**
**(AS AGAINST ALL DEFENDANTS)**

49. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

50. By virtue of having used and continuing to use the O'Bagel Intellectual Property, the Company has acquired common law rights in those marks.

51. Defendants had actual and constructive notice of Plaintiffs' exclusive rights in the O'Bagel Intellectual Property before Defendants began to design, manufacture, and/or use the infringing marks.

52. Defendants' use of marks identical to the O'Bagel Intellectual Property and trade dress infringes O'Bagel's common law rights in its marks. Defendants' misuse of the marks is likely to cause confusion, mistake, or deception among consumers, who will believe that the Defendants' goods, services, and/or products originate from, are affiliated with, or are endorsed by O'Bagel when they are not.

53. Defendants' conduct alleged herein is likely to cause confusion, or to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendants' goods, and is likely to create the false impression that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

54. Upon information and belief, Defendants' conduct alleged herein was committed willfully, knowingly, maliciously, recklessly, negligently, and/or in conscious disregard of Plaintiffs' rights.

55. Defendants' conduct was purposefully designed to reap the benefit of the goodwill that Plaintiffs have created and constitutes trademark infringement in violation of the common law of the State of New Jersey.

56. By unlawfully infringing on the O'Bagel Intellectual Property and trade dress, Defendants have caused, and will continue to cause, substantial, irreparable injury to Plaintiffs.

57. As a direct and proximate result of such misconduct, Plaintiffs have and will continue to suffer irreparable injury and damages, including, without limitation, lost business, reputation, and good-will.

## COUNT FIVE
## COMMON LAW UNFAIR COMPETITION
### (AS AGAINST ALL DEFENDANTS)

58. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

59. Defendants' conduct alleged herein is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Defendants' goods, and is likely to create the false impression that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

60. Defendants' conduct constitutes unfair competition in violation of New Jersey State common law.

61. Defendants' conduct is willful, in bad faith, and with full knowledge that Defendants had no right, license, or authority to use the O'Bagel Intellectual Property.

62. By their misconduct, Defendants have caused, and will continue to cause, substantial, irreparable injury to Plaintiffs. Moreover, Defendants have, and will continue to deceive consumers unless enjoined by this Court.

63. Upon information and belief, unless enjoined by this Court, Defendants intend to continue their course of conduct.

64. As a direct and proximate result of such misconduct, Plaintiffs have and will continue to suffer irreparable injury and damages, including, without limitation, lost business, reputation, and good-will.

## COUNT SIX
## UNJUST ENRICHMENT
### (AS AGAINST ALL DEFENDANTS)

65. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

66. Defendants' conduct has allowed them to unfairly benefit from the protected intellectual property and goodwill of Plaintiffs, without any payment or other compensation.

67. The foregoing conduct has resulted in the unjust enrichment of Defendants, to the detriment of Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants and seeks the following relief:

(a) That the Court enter an Order permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with them or any of them from: (a) using the O'Bagel Intellectual Property in connection with any unauthorized sale of goods or merchandise; (b) using any logo, mark, or trade dress which falsely deceives any person into believing that goods or merchandise sold by Defendants are sponsored by, or associated with, Plaintiffs; and (d) infringing on Plaintiffs' registered trademarks, copyrights, and/or trade dress.

(b) That judgment be entered for Plaintiffs and against Defendants for all actual, compensatory, consequential, and other damages according to proof, and for any profits of Defendants attributable to their infringement;

(c) That judgment be entered for Plaintiff and against Defendants for any and all statutory damages, treble damages, and any other damages or penalties available at law;

(d) That Defendants be required to account for and disgorge any and all gains, profits, and advantages derived from its acts of infringement;

(e) That punitive damages be awarded as against Defendants for their intentional, malicious, and/or willful misconduct in an amount to be determined at trial.

(f) That judgment be entered for Plaintiff and against Defendants for all costs and expenses of suit and attorneys' fees; and

(g) That the Court grant Plaintiff such other and additional relief as it deems equitable and just.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiffs request a trial by Jury on all issues so triable.

DATED: July 19, 2024

**REPPERT, KELLY & VYTELL, LLC**

By: */s/ Nicholas A. Vytell*
Nicholas A. Vytell, Esq.
J. Vincent Reppert, Esq.
110 Allen Road, Suite 208
Basking Ridge, New Jersey 07920
Tel.   908.605.2120
Fax   908.605.2121
nvytell@rkvfirm.com
***Attorneys for Plaintiffs***